UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Matthew Cleveland, ) | C/A No. 9:12-441-TLW-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| Director Chuck Wright, Spartanburg County Detention ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a detainee at the Spartanburg County Detention Center. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

Petitioner was arrested by Spartanburg County or City of Greer law enforcement officers on March 1, 2011, as the result of an alleged "stand-off with officers" involving the possession and use of a firearm. (ECF No. 1). He currently has several counts of attempted murder, assault and battery, threatening a public employee, and possession of a weapon during a violent crime charges pending against him. See Spartanburg County, http://www.spartanburgcountyjail.org/x/jailrostera.xml (last consulted February 22, 2012 (12:00pm).



Petitioner argues that his present situation shows "special circumstances" that would permit this federal court to issue a writ of habeas corpus to the state court where his state prosecution is pending and to require that court to address a pending motion questioning the state court's subject matter jurisdiction that he filed *pro se* in his state criminal case. He also asks this Court to issue an order to show cause to the state Solicitor, claiming that the Solicitor should request or require the United States Attorney to prosecute Petitioner for any potential federal firearms charges pursuant to 18 U.S.C. § 922(g) that might arise from Petitioner's "stand off" in Greer, South Carolina before the state charges are tried against him. Petitioner asserts that he will be irreparably harmed if the state charges are tried first and if they result in either a jury conviction or a guilty plea from Petitioner because then any state convictions can be used to enhance the sentence for any federal firearm charge that might be subsequently charged against him.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Further, *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330

2



F. 3d 630, 630n.1 (4th Cir. 2003).

Even when considered under this less stringent standard, however, the undersigned finds and concludes that the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **ANALYSIS**

Ordinarily, federal habeas corpus relief for a state prisoner is available only post-conviction. However, *pretrial* petitions for habeas corpus may properly be brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F. 3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, however, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44 (citation omitted).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial
3



proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Petitioner alleges that he is currently detained on pending state criminal charges, thus satisfying the first prong of the abstention test. The second criteria has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). "[C]ourts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); and where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance warranting federal intervention is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Petitioner has been told several times that he has no "constitutional right" to be prosecuted



first by either the state or the federal government.[1] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (no right to require a criminal prosecution); *see also Rinaldi v. United States*, 434 U.S. 22, 28 (1977) ("dual sovereignty" doctrine); *United States v. Woolfolk*, 399 F.3d 590, 595 (4th Cir. 2005) (collecting cases). Likewise, he has no "constitutional right" to be prosecuted for one particular crime first so as to avoid any potential sentencing enhancements that might or might not arise is some future criminal prosecution. If he is ultimately convicted on the pending state charges, he has both state appellate and post-conviction relief (PCR) and federal habeas corpus remedies for any alleged lack of subject-matter jurisdiction, denial of due process, or denial of equal protection by the state trial court. As a result, even if he is ultimately convicted on one or more of the pending state charges, if Petitioner can successfully appeal such conviction or have it set aside in a PCR case, then the feared federal sentencing enhancements would not apply even if he is later prosecuted on federal firearm charges.

Thus, Petitioner fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied the requested intervention in the state criminal proceedings. *See Younger*, 401 U.S. at 43-44. Since Petitioner is precluded from federal habeas relief at this time, his Petition should be dismissed.

---

[1] This Court can take judicial notice that Petitioner has filed four previous cases in this Court seeking relief from the same state criminal charges discussed in the instant Petition. *See Cleveland v. United States,* C/A No. 9:12-411-TLW-BM; *Cleveland v. Barnett,* Civil Action No. 9:12-0001-TLW-BM (§ 2241 petition); *Cleveland v. Barnett*, C/A No. 7:11-3073-TLW-BM (§ 1983 complaint seeking injunction to halt the state court until the matter is heard in federal court); *Cleveland v. United States*, C/A No. 9:11-1335-TLW-BM (request for a writ of mandamus to direct the United States to indict Petitioner on federal criminal charges), *aff'd*, No. 11-6990, 2011 WL 5024163 (4th Cir. Oct. 21, 2011); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

5



## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 28, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

